NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

VILLAGE OF OAKCREEK ASSOCIATION, *Plaintiff/Appellant*,

*v.*

LANCE E. BONHAM, *Defendant/Appellee*.

No. 1 CA-CV 22-0780
FILED 10-3-2023

---

Appeal from the Superior Court in Yavapai County
No. V1300CV202280081
The Honorable Linda Wallace, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Carpenter Hazlewood Delgado & Bolen, LLP, Tempe
By Alexis G. Firehawk, Tessa Knueppel
*Counsel for Plaintiff/Appellant*

The Bainbridge Law Firm, LLC, Phoenix
By Mark J. Bainbridge
*Counsel for Defendant/Appellee*

_____

**MEMORANDUM DECISION**

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Michael S. Catlett and Judge Maria Elena Cruz joined.

_____

**W E I N Z W E I G**, Judge:

¶1        Village of Oakcreek ("the Association") appeals the superior court's order granting homeowner Lance Bonham's motion to dismiss. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Formed in 1981, the Association is a planned housing community in Yavapai County. As recorded in 1981 and 2014, its declaration of covenants ("Declaration") did not restrict short-term rentals.

¶3        Bonham owns a home in the Association. His mother bought the home in 1989, then transferred title to her trust in 2003, and appointed Bonham as the trust's beneficiary. At some point before December 23, 2015, Bonham became the sole trustee of that trust, and on December 23, 2015, Bonham deeded the property to himself by quit claim deed. The quit claim deed was recorded on January 23, 2017.

¶4        The Association amended the Declaration by majority vote in November 2016 and again in May 2017 (collectively, the "Amendments"). The Amendments banned short-term rentals. Bonham began renting the home to short-term renters in 2021 and 2022.

¶5        The Association sued Bonham in April 2022, seeking a court order that he stop short-term rentals. Bonham moved to dismiss the complaint under Rule 12(b)(6), challenging the Amendments under *Kalway v. Calabria Ranch HOA, LLC*, 252 Ariz. 532, 537–38 (2022) (amendments to declarations provide insufficient notice to homeowners if the amendments are not reasonable and foreseeable in the original declaration). Bonham argued he did not receive sufficient notice of the Amendments because he held "equitable title since 2003." The Association countered that Bonham had notice of the 2016 Amendment because he did not become a fee simple owner until 2017.

¶6 The superior court granted Bonham's motion to dismiss, concluding that Bonham was not bound by the 2017 Amendment because he "did not purchase the property after the recording of the 2017 Amendment," and the 2017 Amendment was "not tethered to" the original Declaration. The court never mentioned the 2016 Amendment, noting, "the provision containing the restrictions on residential rentals is found in the amendment that was re-recorded on May 3, 2017."

¶7 The Association moved unsuccessfully for reconsideration and now appeals. We have jurisdiction. *See* A.R.S. §§ 12-120.21(A)(1) and 12-2101(A)(1).

## DISCUSSION

¶8 The Association argues the superior court erroneously dismissed this lawsuit because Bonham was bound by the Amendments. A motion to dismiss and questions of law are reviewed de novo. *The Spaulding LLC v. Miller*, 250 Ariz. 383, 386, ¶ 9 (App. 2020). A declaration of covenants and restrictions is "a contract between property owners as a whole and individual lot owners," which we review de novo. *Cypress on Sunland Homeowners Ass'n v. Orlandini*, 227 Ariz. 288, 297, ¶ 31 (App. 2011). We "assume the truth of the well-pled factual allegations and indulge all reasonable inferences" in favor of the nonmoving party. *Steinberger v. McVey*, 234 Ariz. 125, 131, ¶ 23 (App. 2014) (citation omitted).

¶9 A homeowner's association may unilaterally amend its covenants and restrictions only if the amendments would have been "reasonable and foreseeable" under the declaration. *Kalway*, 252 Ariz. at 537, ¶ 10. A declaration "need not provide notice of the precise details" of the future amendment, *Cao v. PFP Dorsey Invs., LLC*, 253 Ariz. 552, 556, ¶ 20 (App. 2022), but must at least "give [homeowners] notice that a restrictive or affirmative covenant exists and that the covenant can be amended to refine it, correct an error, fill in a gap, or change it in a particular way." *Kalway*, 252 Ariz. at 539, ¶ 17. An amendment cannot be "entirely new and different in character" from the provisions in the original declaration. *Id.* (citation omitted). We "apply an objective inquiry" to determine whether an original declaration "gave notice of the amendments at issue," aiming to give effect to the parties' original intent and resolving any doubts against the validity of a restriction. *Id.* at 538–39, ¶ 16.

¶10 The Association first argues that notice was not required under *Kalway* because Bonham became a fee simple owner in January 2017, months after the 2016 Amendment, and he therefore had constructive

notice of that Amendment. This argument fails. The Declaration broadly defines "owner" as a "record owner, whether one or more persons of [l]egal, beneficial or equitable title to fee simple interest to a Lot." Bonham was an owner and held legal title since at least December 2015, when he was appointed sole trustee. *See Williamson v. PVOrbit, Inc.*, 228 Ariz. 69, 72, ¶ 16 (App. 2011) (trustees entitled to benefits and protections of property ownership).[1]

**¶11** The Association next urges the Amendments were foreseeable to Bonham, hovering over section 4.03 of the original Declaration, which prohibits operating a business on the property:

> 4.03. Commercial Business:
>
> No store, office or other place of business of any kind and no hospital, sanitarium or other place for the care or treatment of the physically or mentally ill shall be erected or permitted, and no business of any kind or character whatsoever shall be conducted from or located on any lot or unit other than:
>
> 1. The activities of the Association in furtherance of its powers and purposes; or
>
> 2. As expressly permitted in the Declaration; or
>
> 3. Home occupations prescribed by the rules and regulations of the Board and conducted according to the Rules.

**¶12** The Association reasons that rentals are a form of commercial business, so Bonham should have known that he was prohibited from renting for short periods. We disagree. Section 4.03 generally forbids business operations on the premises; it says nothing about residential rentals. *See Kalway*, 252 Ariz. at 539, ¶ 19. Because the Declaration did not provide sufficient notice of the possibility of a future rental restriction, the court did not err by granting Bonham's motion and striking the rental restriction from the Amendments.

---

[1] Bonham insists that he counted as a homeowner since he was appointed as a trust beneficiary in 2003. We need not reach that argument given our decision.

**CONCLUSION**

**¶13** We affirm. Bonham requests his attorney fees on appeal under A.R.S. §§ 12-341, -341.01, and § 9.05 of the Declaration. We grant Bonham's fees and costs upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA